# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| LAFAYETTE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16 CV 08107 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| THE CITY OF MARKHAM, ILLINOIS, | ) | |
| Officer WILLIAM BRAZIL, and | ) | |
| Officer ZAKIYA LARRY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Defendant, the City of Markham, Illinois ("Markham"), to dismiss Counts I and II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion to Dismiss has been fully briefed by the parties. After considering all arguments raised by both parties, the Court grants Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint.

## BACKGROUND

Plaintiff, Lafayette Thomas, filed the instant action in August 2016 against Markham and two of its police officers, Officer William Brazil and Officer Zakiya Larry. Plaintiff alleges that, on March 17, 2016, he was brutally attacked and assaulted by Officer Brazil during a traffic stop and that Officer Larry watched the attack and did nothing to stop it. Plaintiff alleges he was seriously injured as a result.

Plaintiff asserts claims against the defendant officers and Markham of excessive force (Count I) and a failure to intervene (Count II) pursuant to 42 U.S.C. § 1983, as well as certain state law claims. Although not explicitly labeled as such, Counts I and II state *Monell* claims

against Markham, alleging that the defendant Markham's policies of failing to train and failing to discipline its police officers in regards to excessive force were the moving force behind the defendant officers' actions which violated Plaintiff's Fourth Amendment rights.

## LEGAL STANDARD

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mithceff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted).

Under federal notice-pleading standards, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "If the allegations give rise to an obvious alternative explanation, then the complaint may stop short of the line between possibility and plausibility of entitlement to relief." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citations omitted). In ruling on a motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all reasonable inferences in the plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). However, "legal conclusions and conclusory allegations merely reciting the elements of the

claim" are not entitled to the presumption of truth. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

## <u>ANALYSIS</u>

Section 1983 authorizes a private cause of action against anyone who, while acting under color of law, deprives a party of his/her constitutional rights. *See* 42 U.S.C. § 1983. In the context of § 1983 claims, a municipality is not responsible for the alleged misconduct of its employees; rather, a municipality can only be held liable when it has a policy or practice that *causes* a constitutional violation. *Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978); *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989) ("[A] city is not liable under § 1983 unless a municipal 'policy' or 'custom' is the *moving force* behind the constitutional violation.") (emphasis added). Thus, to state a so-called *Monell* claim against Markham, plaintiff must allege that the constitutional violation was caused by: (1) an express municipal policy; (2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage within the force of law;" or (3) a decision by a municipal agent with final policymaking authority. *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

Here, Plaintiff chooses the second option. Plaintiff advances his *Monell* claims based on failure-to-act theories, alleging that as a matter of practice, Markham failed to train its officers to refrain from using excessive force and failed to adequately discipline officers who used excessive force. (*See* Pl.'s Compl., ¶¶ 53-54.) The Supreme Court has noted that a "municipality's culpability for a deprivation of rights is at its most tenuous" under such circumstances. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) (discussing failure-to-train theory).

3

To ultimately establish liability, a plaintiff must show that a harmful practice actually exists and that the municipality's policymakers were "deliberately indifferent as to the known or obvious consequences" of that practice. *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citations omitted); *see Sigle v. City of Chi.*, No. 10 C 04618, 2013 WL 1787579, at *2 (N.D. Ill. 2013) (finding that plaintiff bringing excessive force claim based on "failure to investigate, supervise, and discipline" must show deliberate indifference). Deliberate indifference "is a stringent standard of fault" and is typically proven by "[a] pattern of similar constitutional violations." *Connick*, 563 U.S. at 61-62. Thus, at the pleading stage, Plaintiff must plead facts that allow this Court to reasonably infer that Markham has a practice of failing to train and discipline its officers in regards to excessive force, that Markham's policymakers were deliberately indifferent to officers using excessive force, and that the practice itself caused Plaintiff's injury. *See Gallagher v. O'Connor*, 664 F. App'x 565, 569 (7th Cir. 2016); *see also S.J. v. Perspectives Charter Sch.*, 685 F. Supp. 3d 847, 858 (N.D. Ill. 2010) (noting plaintiff must plead facts showing deliberate indifference in granting defendant's motion to dismiss *Monell* claim).

Defendant essentially argues Plaintiff fails to adequately allege facts showing a pattern of similar constitutional violations and thus fails to plausibly allege that a widespread practice was in effect and that Markham officials knew and were deliberately indifferent to the rights of Plaintiff. Plaintiff argues he has alleged facts showing Markham officers have repeatedly engaged in a pattern of "citizen abuse" from which a practice can be inferred and that Markham officials had notice of the problem and did nothing. Plaintiff argues that—at this stage—his allegations are sufficient to state a *Monell* claim. The Court disagrees.

After alleging specific facts about the incident giving rise to his claim, Plaintiff alleges that his injuries were proximately caused by Markham's "policy, practice, and custom of failing to train, supervise and control its officers" as well as its policy and practice of "failing to adequately punish and discipline prior instances of similar misconduct". (*See* Pl.'s Compl., ¶¶ 52-54.) Plaintiff then alleges that Officer Brazil has been named as a defendant in four lawsuits in the past five years and that the city has settled these cases for undisclosed sums. (*See id*. at ¶ 55.) Plaintiff also alleges that he spoke with Markham Mayor David Webb days after the incident and that the mayor "uttered an expletive" when told Officer Brazil attacked Plaintiff. (*See id*. at ¶ 56.) Further, Plaintiff alleges that other Markham officers have been been sued in the past for "abusing citizens" and references one lawsuit that alleges excessive force and false arrest. (*See id*. at ¶ 57.) Lastly, Plaintiff alleges that former Markham Deputy Chief Anthony DeBois—who had been responsible "for many years" for responding to citizen complaints against officers—was found to have sexually assaulted a woman in his custody and then lied about it the FBI. (*See id*. at ¶ 58.) Plaintiff pleads that Markham "failed to act to remedy the pattern of abuse" despite "clear notice of a problem" and that Markham's failure caused Plaintiff's injuries. (*See id*. at ¶ 59.)

As an initial matter, several of plaintiff's allegations are either not entitled to the presumption of truth or are irrelevant to Plaintiff's *Monell* claims. First, it is axiomatic that "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [the] presumption of truth." *McCauley*, 671 F.3d at 616 (citing *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (citations omitted)). Thus, paragraphs 52-54 of Plaintiff's complaint offering "boilerplate legal conclusions" that Markham was deliberately indifferent and had

harmful policies in place are not sufficient on their own to state *Monell* claims. *See e.g., Falk v. Perez*, 973 F. Supp. 2d 850, 864 (N.D. Ill. 2013) (finding that "bare allegations of a policy or custom" were not sufficient to state a *Monell* claim).[1]

Second, Plaintiff alleges several irrelevant facts. In order to show Markham's practice of failing to train and discipline its officers as well as Markham's deliberate indifference, Plaintiff alleges facts which purportedly show a pattern of "repeated acts of abuse towards its citizens." (*See* Pl.'s Compl., ¶¶ 55-59.) To the extent these allegations do not point to other incidents of Markham officers using *excessive force*, they do not describe incidents that are sufficiently similar to constitute a pattern from which this Court can infer a harmful practice and Markham's deliberate indifference to its consequences.

In *Connick*, a plaintiff brought a *Monell* claim against a district attorney's office after he discovered that prosecutors had committed a *Brady* violation during his criminal trial; the plaintiff alleged the office had a policy of failing to train its attorneys to produce exculpatory evidence to opposing counsel. 563 U.S. at 54. In an effort to show the defendant had notice of its attorneys' lack of training and was deliberately indifferent to the consequences, the plaintiff argued that four criminal convictions by the office had been overturned due to *Brady* violations in a ten-year period. Plaintiff argued this pattern showed the defendant's deliberate indifference.

---

[1] Plaintiff cites to a string of post-*Iqbal* cases—and this Court is aware of others in the Northern District—which have found that such boilerplate allegations *are* sufficient to state a *Monell* claim. (*See* Pl.'s Resp. at 4-5.) *See Karney v. City of Naperville*, No. 15 C 4608, 2016 WL 6082354, at *12 (N.D. Ill. 2016) (collecting cases). These cases rely on *McCormick v. City of Chicago*, which held that *Monell* claims do not require a heightened pleading standard. 230 F.3d 319, 323 (7th Cir. 2000) (relying on *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)). *McCormick* predates *Iqbal* and *Twombly*. This Court relies on the Seventh Circuit's decision in *McCauley*, which applied the *Iqbal/Twombly* standard to alleging *Monell* claims. While *Monell* does not require heightened pleadings, *McCauley* makes clear that such conclusory allegations, without more, are insufficient to state a *Monell* claim. 671 F.3d at 617 (dismissing *Monell* claim and finding that many of plaintiff's allegations were "conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss.").

*Id*. at 62. The Supreme Court found the four reversals did not prove deliberate indifference because the *Brady* violations in those cases were not sufficiently similar to the violation giving rise to the plaintiff's claim. *Id*. at 62-63. Unlike the plaintiff's case, the prior *Brady* violations did not "involve failure to disclose blood evidence, a crime lab report, or physical or scientific evidence of any kind," and thus, "they could not have put [the defendant] on notice that specific training was necessary to avoid this constitutional violation." *Id*. at 62-63.

Courts in the Seventh Circuit have followed suit, finding that allegations of general past misconduct or allegations of dissimilar incidents are not sufficient to allege a pervasive practice and a defendant's deliberate indifference to its consequences. *See, e.g., Strauss v. City of Chi.*, 760 F.3d 765, 768-69 (7th Cir. 1985) (finding plaintiff failed to meet *Monell* pleading burden where plaintiff alleged general data on citizen complaints and the city's acquiescence to the misconduct); *Karney*, 2016 WL 6082354, at *13 (noting that a prior unlawful search of an apartment was "only marginally similar" to the plaintiff's allegation of an unlawful search of his vehicle in assessing failure-to-train *Monell* claim).

These cases show that many of the prior incidents of "citizen abuse" alleged by Plaintiff are irrelevant. In paragraph 55 of his complaint, Plaintiff mentions four lawsuits involving Defendant Officer Brazil. Only one case—*Longley v. Brazil*, 13-CV-01296—contains allegations of excessive force against Markham officers, including Officer Brazil. The other cases involve very different claims, such as false arrest or false imprisonment. This Court believes these claims are not sufficiently similar to infer either a widespread practice of using *excessive force* or Markham's deliberate indifference to such a practice.[2]

---

[2] Tellingly, Plaintiff does not argue that all four cases are sufficiently similar to his to support an inference that Markham has the problematic policy that Plaintiff claims. Instead, he argues that "Defendant cannot parse away Plaintiff's allegations of at least one prior use of excessive force against

Similarly, the allegations in paragraph 58 concerning former Deputy Chief Anthony DeBois do not help Plaintiff. First, DeBois' wrongdoing—as alleged—does not include excessive force and thus does not add to a pattern from which this Court can infer a harmful practice or Markham's deliberate indifference. *See Connick*, 563 U.S. at 62-63. Second, not only does Plaintiff fail to allege what time period DeBois led Markham's internal affairs division, the facts also show—by way of the news story included in paragraph 58—that DeBois was criminally charged a full *three years* before the events giving rise to Plaintiff's claim. DeBois was long gone by the time Plaintiff was allegedly injured.

Thus, when the Court sets aside these allegations, the facts which remain are: (1) the incident giving rise to Plaintiff's claims; (2) two prior lawsuits which allege excessive force violations against Markham officers; and (3) an expletive uttered by the Markham mayor when he was told Officer Brazil attacked Plaintiff. Assuming these allegations are true, they fail to permit the reasonable inference that the alleged practice "is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

The Seventh Circuit has made clear that although "there is no clear consensus as to how frequently [harmful] conduct must occur to impose *Monell* liability," a plaintiff must ultimately show "there is a policy at issue *rather than a random event*." *Thomas*, 604 F.3d at 303. (emphasis added). The Court finds the Seventh Circuit's decision in *League of Women Voters of Chicago v. City of Chicago* instructive. 757 F.3d 722 (7th Cir. 2014). The plaintiff alleged that the City of Chicago had a widespread policy of implementing new ward boundaries prematurely, thereby causing equal protection violations. *Id*. at 727-728. In pleading its claim—which the court treated as a *Monell* claim—the plaintiff alleged at least three separate instances of aldermen

---

Defendant Officer Brazil . . . and prior use of excessive force by other Markham officers." (*See* Pl.'s Resp. at 5.)

acting or refusing to act based on the new boundaries. *Id*. The Seventh Circuit found this was insufficient to state a *Monell* claim, observing that the acts "by individual aldermen is a far reach from proving a policy so permanent and well settled as to constitute custom or usage with the force of law." *Id*. at 728 (quotations omitted).

Similarly, here, two prior excessive force lawsuits fail to plausibly show that Markham had the widespread and well-settled policies that Plaintiff claims. The Court notes the gap in time between the incidents leading to these prior lawsuits and to Plaintiff's lawsuit. The incident giving rise to the *Longley* case involving Officer Brazil happened in February 2011, and the incident giving rise to the excessive force suit involving other Markham officers—described in paragraph 57 of the complaint—happened in January 2010. Even if this Court accepts as true the allegations in those lawsuits,[3] there remains a five-year gap between those events and the instant incident. This Court cannot reasonably infer a "true municipal policy" was at work here; rather, these incidents appear to be the sort of "random event[s]" that cannot lay the foundation of a *Monell* claim. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005).

Finally, the Markham mayor's alleged comments—considered along with the prior lawsuits—do not carry the day for Plaintiff. The complaint alleges that when told that Officer Brazil attacked Plaintiff, "the Mayor uttered an expletive that clearly indicated this was not the first time he had heard complaints about Brazil." (*See* Plaintiff's Complaint, ¶ 56.) Plaintiff argues that his interpretation of the mayor's response is a reasonable one. Even if this Court makes the same inference, more would be required to make Plaintiff's *Monell* claims plausible. The Court would be required to infer that Markham's policymakers not only knew of past

---

[3] Notably, some courts in the Northern District have declined to accept lawsuits or settlements as supporting the existence of a municipality's practice or its deliberate indifference. *See e.g., Slaven v. City of Chi.*, No. 85 C 7310, 1999 WL 1024563, at *1 (N.D. Ill. 1999) (ruling plaintiff could not amend his complaint to add *Monell* claim based, in part, on city's settlement of three lawsuits involving defendant officers and observing that "absent an admission of wrongdoing, a settlement proves nothing").

complaints against Officer Brazil but also failed to take *any* action, thereby showing they were deliberately indifferent to the rights of anyone who may cross Officer Brazil's path. Such an inference cannot reasonably be gleaned from Plaintiff's allegations.

Thus, for the foregoing reasons, Plaintiff fails to plead facts which allow this Court to reasonably infer that Officers Brazil and Larry acted pursuant to an unofficial policy or practice in Markham "so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. After Plaintiff's legal conclusions and irrelevant allegations are set aside, Plaintiff cites two lawsuits and an expletive uttered by Markham's mayor. Based on these facts alone, Plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, Plaintiff fails to state *Monell* claims against Markham.[4]

At this time, the Court declines to address Markham's assertion that the viability of Counts III – VII depends on a finding of constitutional violations in Counts I and II. (*See* Def.'s Reply, at 3 n. 1.) Both parties' arguments are underdeveloped in this respect, and as such, the Court refuses to rule on the issue. *See United States v. Olmeda-Garcia*, 613 F.3d 721, 723 (7th Cir. 2010).

---

[4] The Court agrees with the parties that the allegations in Count I form the foundation of Count II, which alleges that Officer Larry's failure to intervene to stop Officer Brazil constitutes a § 1983 violation. (*See* Pl.'s Compl., ¶ 64.) Thus, because Plaintiff fails to plausibly allege Markham has an unwritten practice of failing to train and failing to discipline its officers in regards to excessive force, the *Monell* claims in both Counts I and II should be dismissed.

## CONCLUSION

The *Monell* claims asserted against Markham in Counts I and II are dismissed without prejudice. Plaintiff may file an amended complaint consistent with this Opinion by October 27, 2017.

**SO ORDERED.**

**ENTERED: September 29, 2017**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**