# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAFAYETTE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16 CV 08107 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| THE CITY OF MARKHAM, ILLINOIS, | ) |
| Officer WILLIAM BRAZIL, and | ) |
| Officer ZAKIYA LARRY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' motion to dismiss Counts VI and VII of plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Markham's Motion to Dismiss is denied.

## BACKGROUND

Plaintiff, Lafayette Thomas, filed the instant action against the City of Markham, Illinois ("Markham") and two of its police officers, Officer William Brazil and Officer Zakiya Larry. Plaintiff alleges that, on March 17, 2016, he was brutally attacked and assaulted by Officer Brazil during a traffic stop and that Officer Larry watched the attack and did nothing to stop it. Plaintiff alleges he was seriously injured as a result.

Plaintiff filed a complaint against defendants on August 16, 2016, alleging claims under 42 U.S.C. § 1983 as well as other state law claims. Counts I and II asserted *Monell* claims against Markham, alleging that Markham's policies of failing to train, supervise, and discipline its police officers were the moving force behind the defendant officers' injurious actions. In November 2016, Markham moved to dismiss the *Monell* claims pursuant to Fed. R. Civ. P.

12(b)(6). On September 29, 2017, this Court granted Markham's motion to dismiss the *Monell* claims without prejudice and gave plaintiff leave to amend his complaint.[1]

On November 1, 2017, plaintiff filed a First Amendment Complaint ("FAC"). Plaintiff did not amend Counts I and II, but he added two new state law claims. Count VI alleged Markham was negligent in hiring, training, and supervising its officers, and Count VII alleged Markham was willful and wanton in hiring defendant Officer Brazil. Plaintiff alleges that Officer Brazil had a checkered employment history prior to joining Markham's police department. On December 5, 2017, Markham moved to dismiss Counts VI and VII again pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*,

---

[1] After Counts I and II were dismissed, plaintiff's remaining claims were: a conspiracy claim brought under Section 1983 (Count III) and state law claims for assault and battery (Count IV), intentional infliction of emotional distress (Count V), respondeat superior liability (Count VI), and indemnification (Count VII). (*See* Pl.'s Compl., ECF No. 1.)

550 U.S. at 556). In ruling on a motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiffs, accepting as true all well-pleaded facts and drawing all reasonable inferences in the plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

## ANALYSIS

In essence, Markham argues that Counts VI and VII of plaintiff's FAC are barred for two reasons: (1) the applicable statute of limitations has run on both claims and (2) Markham is immune from the claims pursuant to Sections 2-109 and 2-201 of the Illinois Tort Immunity Act. The Court disagrees and handles each argument in turn.

### I.  Statute of Limitations

As both parties acknowledge, the statute of limitations is an affirmative defense and "[a] plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003). As such, the statute of limitations is "rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004). But a plaintiff *can* plead himself out of court if he alleges facts that affirmatively show that his claims are time-barred. *Id*.

Counts VI and VII are state law claims, so the Court applies Illinois law "regarding the statute of limitations and any rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel." *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010).

Markham argues—and plaintiff does not contest—that the Illinois Tort Immunity Act provides the applicable statute of limitations here for plaintiffs' hiring claims. Section 8-101 of the Act states that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the

injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). Markham argues that the statute of limitations on plaintiff's hiring claims began to run on March 17, 2016—the day that defendant Officer Brazil allegedly injured plaintiff—and because plaintiff asserted the hiring claims for the first time on November 1, 2017, the one-year statute of limitations had expired and the claims are thus barred.

In response, plaintiff advances three arguments. First, plaintiff argues that Counts VI and VII in the FAC relate back to the original complaint under Fed. R. Civ. P. 15(c)(1)(B). Second, plaintiff invokes the "discovery rule" to argue that his hiring claims did not *accrue* until July 2017, and thus, the claims were timely filed. Third, plaintiff argues that the doctrine of equitable tolling permits his claims.

The Court is not persuaded by plaintiff's arguments concerning relation back or the discovery rule. In regards to relation back, Fed. R. Civ. P. 15(c)(1)(B) requires that an amendment arise "out of the conduct, transaction, or occurrence set out . . . in the original pleading." "The essential inquiry is whether the original pleading furnishes the defendant with *notice* of the events that underlie the new [claims]." *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 331 (7th Cir. 2009) (citations omitted) (emphasis added). Here, plaintiff acknowledges that the new claims involve proving facts about Officer Brazil's conduct prior to being hired by Markham and what Markham officials knew when they hired Officer Brazil. Plaintiff's original complaint simply did not give Markham notice of these events, which also differ in character and are separated by a significant lapse of time from the events in the original complaint. *In re Olympia Brewing Co. Sec. Litigation*, 612 F. Supp. 1370, 1372 (N.D. Ill. 1985) (Getzendanner, J.) (noting relevant Rule 15(c)(1)(B) factors). As such, the hiring claims do not relate back under Fed. R. Civ. P. 15(c)(1)(B). *See Williams v. Anderson*, No. 09 C 1915, 2010 WL 5014393 (N.D.

Ill. 2010) (Gettleman, J.) (finding negligent hiring claim did not relate back where original complaint alleged assault, indemnity, and *Monell* claims).

In regards to the discovery rule, plaintiff argues he did not discover the basis for his hiring claims until July 2017, and as such, the claims are timely. The discovery rule provides that the statute of limitations begins to run when a plaintiff discovers or reasonably should have discovered that he was injured and who caused the injury. *United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000). Plaintiff acknowledges that his hiring claims are "based on Brazil's use of force against plaintiff, and involve the same set of injuries." (*See* Pl.'s Resp., p. 11.) Thus, plaintiff knew on March 17, 2016—the date of the encounter with Officer Brazil—that he was injured and that Markham police officers caused the injury.[2] Plaintiff's hiring claims merely allege new *theories* to recover for the same injury alleged in plaintiff's original complaint. *See Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994) (noting that a plaintiff has the statutory period to investigate potential claims to recover for an injury). As such, the discovery rule does not apply.

However, the Court agrees with plaintiff that equitable tolling applies here. Under Illinois law, "[e]quitable tolling of a statute of limitations may be appropriate if the defendant has *actively misled the plaintiff*, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Clay v. Kuhl*, 727 N.E.2d 217, 223-24 (Ill. 2000) (emphasis added); *see also Ralda-Sanden v. Sanden*, 989 N.E.2d 1143, 1145-49 (Ill. App. Ct. 2013) (finding equitable tolling applied to plaintiff's petition for paternity which was filed after applicable limitations

---

[2] The Court notes that Illinois' discovery rule requires that a plaintiff know of his injury and that his injury was *wrongfully* caused. *Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981) (noting "wrongfully caused" is a not a term of art). The difference here is immaterial. Given the allegations, plaintiff surely knew immediately his injury was wrongfully caused.

5

period where plaintiff had been told her father was dead). Here, the Court finds equitable tolling appropriate given Officer Brazil's misleading deposition testimony.

In his FAC, plaintiff alleges, in relevant part, that Officer Brazil had multiple excessive force complaints lodged against him during his time at the Waukegan Police Department,[3] that Officer Brazil was suspended at least once in connection with one of these complaints, and that the Waukegan Chief of Police ultimately filed charges seeking Officer Brazil's discharge due to his excessive force complaints. Plaintiff alleges that Officer Brazil agreed to resign from the department in exchange for the charges being withdrawn. (*See* Pl.'s FAC, ¶¶ 50-51.) The FAC also alleges Officer Brazil was fired from his job as a security guard at Carson Pirie Scott "due to his failure . . . to document the use of force against a customer . . ." (*See* Pl.'s FAC, ¶ 49.) Plaintiff discovered the basis of these allegations from records produced pursuant to subpoenas issued *after* Officer Brazil's deposition. (*See* Pl.'s Resp., pp. 5-7 Exs. 8-11.)

Plaintiff deposed Officer Brazil on March 1, 2017, within the one-year statute of limitations period for plaintiff's hiring claims. At the time of the deposition, Markham had produced its hiring records—including materials like Brazil's employment application and a marked-up interview questionnaire—and while those records *did* contain Officer Brazil's past employers, they did not contain any indication Brazil had a problematic employment history prior to joining Markham. (*See* Pl.'s Resp., Ex 5; *see also* Def.'s Memo in Support, Ex. A.)[4]

Nonetheless, plaintiff explored Officer Brazil's employment history during the deposition, and Officer Brazil gave misleading answers regarding whether he was ever accused

---

[3] These complaints include two lawsuits, one of which involved a recommendation by Waukegan's attorney that the excessive force suit be settled because Officer Brazil's handling of the incident had "all of the elements of an attempt to cover up the facts." (*See* Pl.'s FAC, ¶ 50; *see also* Pl.'s Resp., Ex. 11.)

[4] As discussed in his response, plaintiff reasonably believed the hiring records produced by Markham to be complete. (*See* Pl.'s Resp., p. 4, Ex. 4.) The Court does not suggest that Markham actively misled plaintiff in its discovery responses. Rather, the Court notes this background only to give context to Officer Brazil's deposition testimony.

6

of using excessive force and whether he ever faced discipline in prior employment. Most glaring was Officer Brazil's response regarding why he left the Waukegan Police Department:

> Q: Why did you eventually leave Waukegan?
>
> A: I felt like I couldn't progress within that department the way I wanted to.
>
> Q: Can you explain?
>
> A: Promotions, special units, things of that nature, some people are okay being a patrolman their whole career and some aren't.

(*See* Pl.'s Resp., Ex. 7.) Officer Brazil was also asked whether he had any discipline in his employment file at Waukegan. He responded "no." (*See id.*) Officer Brazil did admit to having one allegation of excessive force lodged against him during his time in the Waukegan Police Department, but when asked to explain, he stated that he had never been "suspended or anything" nor had he been deposed in relation to the incident. (*See id.*) Markham contends that Officer Brazil left Waukegan's police department in 1996 and thus "understandably had little or no recollection" concerning his time there. (*See* Def.'s Reply, p. 5.) Undoubtedly, significant time has passed since Officer Brazil's resignation, but it is unlikely that Officer Brazil genuinely could not recall the general circumstances of his departure. Regardless, given the stark disparities between Officer Brazil's deposition testimony and the records plaintiff has discovered, Officer Brazil's deposition testimony meets the standard for equitable tolling of plaintiff's potential negligent hiring claim. *See Thede v. Kapsas*, 897 N.E.2d 345, 351 (Ill. App. Ct. 2008) ("Even an innocent misstatement by a defendant's agent can constitute actively misleading a prospective plaintiff and trigger the doctrine of equitable tolling."); *see also Thomas v. City of Chi.*, No. 07 C 4969, 2009 WL 1444439, at *13 (N.D. Ill. 2009) (Dow, J.) (denying motion to dismiss on equitable tolling grounds where plaintiff alleged defendant officers concealed wrongful arrest).

When plaintiff discovered the truth about Officer Brazil's employment history months later, he filed his hiring claims.

In their briefs, the parties do not rely on Illinois law but rather look to federal law in discussing the doctrine of equitable tolling. The Court believes the parties are mistaken in doing so. *See Parish*, 614 F.3d at 679 (looking to state law for tolling doctrines in addressing Rule 12(b)(6) motion where plaintiff brought state law claims in addition to Section 1983 claims). However, even if the Court looked to federal law, the result would be the same.

In the Seventh Circuit, the "doctrine of equitable tolling permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 561 (7th Cir. 1996). The "essential element" of equitable tolling is that the plaintiff exercised due diligence, "in other words that he [] acted reasonably." *Mitchell v. Donchin*, 286 F.3d 447, 451 (7th Cir. 2002). Courts need not define with specificity "the length of the tolling period…[Equitable tolling] is, after all, an equitable doctrine." *Cada v. Baxter Healthcare Corp.*, 920 F.3d 446, 452 (7th Cir. 1990).

Plaintiff filed this action well within the one-year statute of limitations and diligently explored potential hiring claims through discovery. Plaintiff apparently obtained Officer Brazil's employment history in January 2017, with about two months left in the limitations period, and explored that history with Officer Brazil in his deposition. Despite Brazil's misleading testimony, plaintiff subpoenaed the Waukegan Police Department just before the statute of limitations period ran and worked diligently to obtain the records, even though Waukegan initially responded to the subpoena by claiming that Officer Brazil was never an employee. After finally obtaining the records from Waukegan, plaintiff unearthed facts that, for the first time,

8

provided a valid basis for his hiring claims. Soon thereafter, plaintiff obtained more records via subpoena from other employers which further substantiated his hiring claims. At that point, plaintiff filed his FAC. Plaintiff's steady efforts are akin to those of the plaintiff in *Moore v. Morales*, 415 F.Supp.2d 891, 895-96 (N.D. Ill. 2006) (Castillo, J.), despite Markham's attempts to distinguish the two. Thus, even under federal law, the circumstances here call for equitable tolling. *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (reversing dismissal under Rule 12(b)(6) and finding that plaintiff's argument that he did not discover basis for claim until after filing suit could be enough to provide for equitable tolling).

Lastly, in its motion, Markham highlights the interests underlying Illinois' one-year statute of limitations for civil actions brought against local governments. (*See* Def.'s Memo in Support, p. 5.) These include promoting early investigation into claims, encouraging prompt settlement of meritorious claims, and ensuring governmental entities can plan their budgets in light of potential liabilities. *Ferguson v. McKenzie*, 202 Ill.2d 304, 313 (2001). The Court notes that none of these interests are undermined in the present case because plaintiff brought his suit well within the one-year period, and his initial discovery was aimed, in part, at Officer Brazil's employment history. Accordingly, plaintiff's negligent hiring claims are equitably tolled.

## II.     Illinois Tort Immunity Act

Next, Markham argues that Sections 2-109 and 2-201 of the Illinois Tort Immunity Act work together to provide Markham with complete immunity to Counts VI and VII of plaintiff's FAC. As acknowledged in the briefs, the Court considered and rejected this argument in *Colon v. Town of Cicero*, No. 12 C 5451, 2015 WL 7731824, at *2 (N.D. Ill. Dec. 1, 2015). The Court is not aware of any intervening decisions that affect its analysis in *Colon*. Thus, the Court finds that the Illinois Tort Immunity Act does not bar Count VI and VII of plaintiff's FAC.

## **CONCLUSION**

For the reasons set forth above, Defendant Markham's Corrected Motion to Dismiss Counts VI and VII of plaintiff's First Amended Complaint [71] is denied. Defendant Markham's Motion to Dismiss Counts VI and VII of plaintiff's First Amended Complaint [63] is moot.


**SO ORDERED.**                                                                     **ENTERED: 3/21/18**

                                                                                                   _____

                                                                                                   **HON. JORGE L. ALONSO**
                                                                                                   **United States District Judge**